UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, Subscribing to Certificate Number 3G04-02597, and SEVEN CORNERS, INC., f/k/a SPECIALTY RISK INTERNATIONAL, INC., Petitioners, vs. HELEN PORTER SIMON, Respondent. | 1:07-cv-0899-LJM-WTL |

### ORDER ON PETITIONERS MOTION TO STAY

This cause is now before the Court on Petitioners', Certain Underwriters at Lloyd's, London, and Seven Corners, Inc. (collectively, "Petitioners"), Motion to Stay Arbitration. Respondent, Helen Porter Simon ("Simon"), contends that the instant motion is inconsistent with Petitioners' simultaneously-filed Petition in Aid of Arbitration.

For the reasons discussed herein, the Court **GRANTS** Petitioners' Motion to Stay Arbitration.

### I. DISCUSSION

Simon is correct that, on their face, Petitioners' two motions seem inconsistent. However, the crux of Petitioners' claim in this case is that Simon's attempt to challenge the validity of the arbitration clause in the agreement between them is a matter for this Court, not the arbitrator. In other words, Petitioners' seemingly inconsistent positions reflect a desire on the part of Petitioners

to compel arbitration of the underlying disputes in this matter, while first clarifying the issues that are properly before the arbitrator.

The United States Supreme Court has stated that the determination of whether parties are contractually bound to arbitrate and what issues they are bound to arbitrate are matters to be determined by the Court. *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986) (advising further that "[i]t is the court's duty to interpret [an] agreement and to determine whether the parties intended to arbitrate").  The Supreme Court later cautioned that "[c]ourts should not assume that the parties agreed to arbitrate arbitrability unless there is 'clea[r] and unmistakabl[e]' evidence that they did so." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 939 (1995) (quoting *AT&T Techs.*, 475 U.S. at 649).

In the instant case, arbitrability of the arbitration clause was placed squarely at issue by Simon in her American Arbitration Association claim form, in which she requests that the arbitrator declare the arbitration clause void as against the public policy of the Virgin Islands.  As such, this Court has jurisdiction to determine whether the parties agreed to arbitrate arbitrability and what issues the parties are contractually bound to arbitrate.  Under the circumstances, then, to facilitate resolution of this underlying matter, the arbitration must be **STAYED**.

## II. CONCLUSION

For the reasons stated herein, Petitioners', Certain Underwriters at Lloyd's, London, and Seven Corners, Inc., Motion to Stay Arbitration is **GRANTED**. The arbitration between respondent, Helen Porter Simon, and Petitioners, Certain Underwriters at Lloyd's, London, and Seven Corners, Inc., based on Helen Porter Simon's claim form pending before the American Arbitration Association is hereby **STAYED** until further order of this Court.

IT IS SO ORDERED this 27th day of September, 2007.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to:

Nelson D. Alexander
LOCKE REYNOLDS LLP
nalexander@locke.com

Neal R. Novak
LAW OFFICES OF NEAL R. NOVAK, LTD.
novak@novakjuris.com

David J. Cutshaw
COHEN & MALAD LLP
dcutshaw@cohenandmalad.com

Jere A. Rosebrock
COHEN & MALAD LLP
jrosebrock@cohenandmalad.com